UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RICHARD RODRIGUEZ and EDWARD DE LOS SANTOS,

                             Plaintiffs,

                -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Richard Rodriguez ("Mr. Rodriguez") is a resident of Kings County in the City and State of New York.

7. Plaintiff Edward de Los Santos ("Mr. de Los Santos") is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.     At approximately 5:30 p.m. on November 15, 2012, plaintiffs were lawfully present on South 4th Street between Driggs Avenue and Bedford Avenue in Brooklyn, New York.

13.     As plaintiffs exited an apartment building, they were surrounded by police officers, including the individual defendants.

14.     The officers lacked reasonable suspicion to stop plaintiffs.

15.     Even though they knew that plaintiffs had committed no crime, defendants placed excessively tight handcuffs on them and falsely arrested them.

16.     The defendants took plaintiffs to a police precinct.

17.     Plaintiffs remained handcuffed for several hours at the precinct while being interrogated by the defendants.  The officers refused to loosen the handcuffs.

18.     At the precinct, plaintiffs were each subjected to an unlawful strip search.  No contraband was recovered from either plaintiff.

19.     Mr. Rodriguez, who is asthmatic, asked the officers to take him to the hospital and they refused, even though his need for treatment was obvious.

20.     After holding them at the precinct for approximately six hours, the defendants released plaintiffs without filing charges against them.

21. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

22. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

25. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

27. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

28. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

29. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

30. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Deliberate Indifference to Medical Needs**

31. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

32. The individual defendants were aware of Mr. Rodriguez's need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

33. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs.

34. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Unlawful Strip Search**

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiffs to strip searches without legal justification.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Failure To Intervene**

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
*Monell*

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

44. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

45. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

46. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

-8-

47.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

48.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 30, 2013
         New York, New York

> HARVIS WRIGHT
> SALEEM & FETT LLP
>
> _____
> Gabriel Harvis
> 305 Broadway, 14th Floor
> New York, New York 10007
> (212) 323-6880
> gharvis@hwsflegal.com
>
> *Attorney for plaintiffs*